UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

| | |
|---|---|
| In re FEDEX GROUND PACKAGE SYSTEM, INC. EMPLOYMENT PRACTICES LITIGATION <hr> THIS DOCUMENT RELATES TO: <br><br> *Arthur Smith, et al. v. FedEx Ground Package System, Inc.* <br><br> Cause No. 3-05-CV-600 RM (TN) | CAUSE NO. 3:05-MD-527 RM (MDL-1700) |

OPINION and ORDER

The Tennessee plaintiffs have filed a motion asking the court to reinstate class certification under the Tennessee Consumer Protection Act. This court granted the plaintiffs' motion for class certification (doc. # 599) on March 25, 2008. See Doc. # 1119. After the parties completed briefing on class certification, the Tennessee Supreme Court decided Walker v. Sunrise Pontiac-GMC Truck, Inc., 249 S.W.3d 301, 313 (Tenn. 2008), holding that the Tennessee Consumer Protection Act "does not provide for class certification of claims brought thereunder." The TCPA provides that "[a]ny person . . . may bring an action *individually* to recover actual damages." TENN. CODE ANN. § 47-18-109(a)(1) (emphasis added). The Walker v. Sunrise court reasoned that this language prohibits class actions because they aren't actions brought "individually." 249 S.W.3d 310. FedEx Ground Package System, Inc. moved to reconsider class certification in light of Walker v. Sunrise; the court granted FedEx's motion on

July 11, 2008 and denied the plaintiffs' motion for class certification under the TCPA. *See* Doc. # 1502.

About three months later, our court of appeals decided Thorogood v. Sears, Roebuck and Co., 547 F.3d 742, 746 (7th Cir. Oct. 28, 2008), rejecting the defendant's claim that the TCPA ban on class actions — as pronounced in Walker v. Sunrise — precluded maintenance of a class action suit under the TCPA when brought in federal court. Based on the holding in Thorogood v. Sears, the plaintiffs move the court to reconsider its July 11, 2008 order and to reinstate the earlier grant of the plaintiffs' motion for class certification for claims arising under the TCPA. The plaintiffs assert that Thorogood v. Sears represents a significant change in the law requiring reconsideration of this court's denial of class certification.

FedEx responds that the plaintiffs have waived this argument, reasoning that whether TCPA's class-action bar applies in federal court depends on whether it is "substantive" or "procedural" under Erie R.R. v. Tompkins, 304 U.S. 64 (1938), and its progeny. According to FedEx, the plaintiffs could have previously argued that the TCPA's class-action bar was a "procedural" rule or was otherwise inapplicable in a federal-court diversity action, but they didn't. FedEx further argues that the comments in Thorogood v. Sears about the applicability of the TCPA's class-action bar weren't necessary to the court's conclusion and are in tension with the well-accepted framework for analyzing whether a state rule is "substantive" or "procedural" for purposes of the Erie doctrine.

"Motions for reconsideration serve a limited function: to correct manifest errors of law or fact or to present newly discovered evidence." Caisse Nationale de Credit Agricole v. CBI Indust., Inc., 90 F.3d 1264, 1269 (7th Cir. 1996) (citation omitted). A basis for reconsideration exists when there is a "controlling or significant change in the law or facts since the submission of the issue to the Court." Bank of Waunakee v. Rochester Cheese Sales, Inc., 906 F.2d 1185, 1191 (7th Cir. 1990) (citation omitted). "Reconsideration is not an appropriate forum for rehashing previously rejected arguments or arguing matters that could have been heard during the pendency of the previous motion." Caisse Nationale De Credit Agricole v. CBI Indus., 90 F.3d at 1270 (collecting cases).

The plaintiffs filed their original complaint in the Western District of Tennessee and the case was transferred to this court as part of the MDL-1700 litigation. Because the law of the circuit where the transferee court sits governs questions of federal law in MDL proceedings, In re Bridgestone/Firestone, Inc., Tires Prods. Liab. Litig., 256 F. Supp. 2d 884, 888 (S.D. Ind. 2003) (citation omitted), the law of this circuit governs the removal and remand issues presented in this case. McMasters v. United States, 260 F.3d 814, 819 (7th Cir. 2001) ("Only where the law of the United States is specifically intended to be geographically non-uniform should the transferee court apply the circuit precedent of the transferor court.").

In Thorogood v. Sears, the plaintiffs filed a class action suit in federal district court pursuant to the Class Action Fairness Act, 28 U.S.C. § 1332(d), for

3

claims arising under the TCPA. 547 F.3d at 744. The district court certified the class and the defendant appealed, seeking decertification. Id. When discussing the downside of class actions, the court of appeals stated that there is a "tendency, when the claims in a federal class action are based on state law, to undermine federalism." Id. at 754. As an example, the court noted that "[t]he Tennessee Consumer Protection Act . . . does not authorize class actions." Id. at 746 (*citing* Walker v. Sunrise Pontiac-GMC Truck, 249 S.W.3d 301). The defendant argued that the Tennessee rule precluded the maintenance of the present case as a class action, but the court disagreed. The court explained:

> The procedure in diversity suits is governed by federal law. What is true is that some procedural rules are intended to implement substantive policy, and such rules do control in diversity cases. . . . 'Suppose a state (as many states have done) establishes a compulsory arbitration mechanism in medical malpractice cases in order to cut down on litigation and reduce malpractice insurance premiums. The state's goals are substantive—designed to shape conduct outside the courtroom and not just improve the accuracy or lower the cost of the judicial process—though the means are procedural. The goals would be thwarted if parties having access to a federal district court under the diversity jurisdiction could thumb their noses at the compulsory procedure.' In contrast, the holding of the Walker decision that consumer protection suits can't be maintained under Tennessee law as class actions was a 'plain meaning' statutory interpretation and did not suggest that the class action had been precluded in consumer protection suits in order to advance a substantive policy concerning consumer protection.

Id. at 746.

The court stated, though, that the defendant was on to something because the plaintiffs sought a breadth of relief that Tennessee doesn't offer them in its courts. Id. "Maybe that is a defect of Tennessee law. But the purpose of the

4

diversity jurisdiction is to protect out-of-state residents against state judicial bias in favor of residents; it is not to expand the relief obtainable under state law." Id. at 746. The court went on to hold that the class action should be decertified because common issues of law or fact didn't predominate over issues particular to each plaintiff. Id. at 746-747.

The plaintiffs haven't waived the argument that Thorogood v. Sears requires reconsideration of the court's denial of class certification. The plaintiffs didn't raise this argument when FedEx filed its motion to reconsider because the cases addressing the issue ran contrary to the Seventh Circuit's view in Thorogood v. Sears. Before the court's July 11 order, the plaintiffs didn't have the benefit of Thorogood v. Sears, and they weren't expected to make arguments that lacked existing legal support.

FedEx notes that allowing the plaintiffs to bring their claims under TCPA in federal court would expand the relief that they can obtain under state law, which, as explained in Thorogood, isn't the purpose of diversity jurisdiction. The Thorogood court, however, expressly stated that TCPA's class-action bar did not preclude the maintenance of class action litigation in federal court. The Thorogood decision binds this court, so the court reconsiders its July 11 order denying class certification. The class was initially certified on March 25, 2008 after this court found that common issues of law and fact predominate over issues particular to each plaintiff. *See* Doc. # 1119. The Thorogood opinion says that the analysis of Walker v. Sunrise doesn't preclude this suit from continuing as a class

action, so the court reinstates its March 25 order granting class certification under the TCPA.

The court GRANTS the plaintiffs' motion to reinstate class certification (doc. # 1699) and GRANTS class certification to the Tennessee plaintiffs as set forth in the court's March 25, 2008 order (doc. # 1119, pp. 10-16, 154).

SO ORDERED.

ENTERED:  February 17, 2010 


                                  /s/ Robert L. Miller, Jr.  
                              Judge  
                              United States District Court